SAMUEL G. NAAR

*v.*

JOSEPH L. NAAR.

A testamentary gift to an executor of all the decedent's interest in a part-nership, of which he was then a member, in trust to invest as fast as realized, together with full power to settle with his partners, confers on the executor the fee of the decedent's partnership real estate, with power of sale.

Bill for specific performance. On final hearing on bill and answer.

*Mr. S. G. Naar, in pro. pers.*

*Mr. R. S. Woodruff, Jr.,* for defendant.

THE CHANCELLOR.

Moses D. Naar, late of the city of Trenton, deceased, was a member of the firm of Naar, Day & Naar, the other members of which were Joshua L. Day and Joseph L. Naar. By the eighth section of his will he gave and bequeathed to his brother, Samuel G. Naar, the complainant, all his right, title and interest in the real and personal property of that firm, in trust to invest as fast as realized, upon bond and mortgage, and apply the interest and dispose of the principal as directed in the will. By the tenth section he appointed the complainant his executor with full power to settle with his, the testator's, partners as to his interest in the firm. Since the testator's death, Mr. Day has died. In a settlement of the affairs of the concern with the surviving partner, the latter agreed with the complainant and the representative of Mr. Day's estate to buy the interests of his late partners in the assets of the firm, including the real estate. He now refuses to carry out the agreement on the ground that he is advised that it is doubtful whether the complainant has power

under the will to convey the testator's interest in the real estate, and this suit is brought to compel specific performance by him.

There can be no doubt that the complainant has such power. The will devises that interest to him and the devise is in fee. *Rev. p. 300.* The power to sell and convey is incident to the ownership of the fee. Moreover, the trust is to convert the property devised into money and invest it. The power to sell and convey is, of course, necessary to the execution of the trust. There will be a decree that the defendant specifically perform his agreement.